ELLIS, Judge.
This is a workmen’s compensation suit in which plaintiff William P. Buie is seeking benefits for permanent and total disability. After trial on the merits, judgment was rendered dismissing the suit, and plaintiff has appealed.
Plaintiff was employed as a log scaler and timekeeper by defendant Reimers, Schneider, Inc. On March 28, 1969, he broke his leg while in the course and scope of his employment. He was paid three or *605 four compensation payments, and then returned to work at the request of his employer, although his leg was still in a cast and he was on crutches. He continued to work full time thereafter, although for some time he was unable to perform all of the duties he had performed prior to the accident. He received his last compensation payment, as such, on May 3, 1969. He was discharged by the treating physician as able to return to work on March 5, 1970. This suit was filed on January 29, 1971.
Defendant filed an exception of prescription which was overruled by the trial court. By answer to plaintiff’s appeal, defendant is urging the validity of its exception in this court. Plaintiff’s contention is that he received wages in lieu of compensation until his discharge by the doctor, and that he is permanently and totally disabled as a result of the accident.
Plaintiff’s testimony shows that he worked a 55 hour week, ten hours a day for five and one half days a week. He testified that he is always fully occupied while at work, but that he is unable to do all of the log scaling which he was able to do before the accident, since it involved climbing over logs. However, he further testified that such is no longer necessary because of a new system of handling logs. As of the time of the trial, he was performing substantially the same duties he performed prior to the injury.
The medical evidence consists of a series of reports from the treating physician. It was his opinion that plaintiff could return to his duties on March 5, 1970, with a 15% permanent disability of his foot.
It appears from the record that plaintiff was probably receiving wages in lieu of compensation when he first returned to work. It also appears that at some point thereafter, he began fully to earn his salary. Since neither party offered any evidence as to what that date might have been, we can only assume that the district judge adopted the date of plaintiff’s discharge, which is less than one year before the suit was filed. We further assume that he overruled the exception of prescription for that reason.
On the merits, we note that the only medical evidence in the record is to the effect that plaintiff was fully able to return to the duties of his occupation as of March 5, 1970, despite a 15% disability of his foot. The only evidence to the contrary is that of plaintiff, that he was unable to do so, that he remains disabled, and is working in disabling pain. We do not believe this to be sufficient to overcome the medical evidence in the record, particularly in view of plaintiff’s continuing employment. Plaintiff has the burden of proof, and we agree with the trial judge that he has failed to bear it. Plaintiff does not contend that he has not received sufficient compensation, or wages in lieu thereof, to cover whatever he might be entitled to receive for the 15% loss of use of his foot. R.S. 23:1221; R.S. 23:1223.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.